Van Voorhis, J.
This proceeding has to do with the publication of statements of exempt and partially exempt real property situated within the City of Lockport, Niagara County. For 50 years through 1954 each separate parcel was listed in the newspaper publication with the name of the person appearing as the owner on the roll. Commencing in 1955, a summary statement was published instead giving the aggregates of prop *56 erty classified as “ Veterans ”, “ Fraternal ”, “ Churches ” and other tax exempt categories. This change was not prompted by any statutory amendment, but by a new interpretation. In 1957 the Attorney-General issued a formal opinion that publication of the full and complete list is required as was done before 1955 (1957 Atty. Gen. 291). This proceeding was then commenced to compel publication of the detailed list in accordance with this ruling of the Attorney-General, by reverting to the practice prior to 1955.
The controlling statute was enacted in its essentials by chapter 438 of the Laws of 1904. With immaterial changes it became section 12 of the Tax Law, and, effective October 1, 1959, was transposed to section 496 of the Beal Property Tax Law (L. 1958, ch. 959). Prior to 1904 local publication of the complete list was expressly required (L. 1900, ch. 689). The Act of 1904, with which we are presently concerned, subject to immaterial amendments, required the clerks of the boards of supervisors to transmit to the State Board of Tax Commissioners a full and complete list and statement of tax exempt property situated within the several cities and towns, whereupon it was provided that ‘ ‘ the state board of tax commissioners shall tabulate such statements, and * * * cause to be published in ¡their annual report to the legislature, a complete tabulated statement, based upon the statement so transmitted to the state board of tax commissioners, of all real estate in the several counties of the state, which is exempt from taxation.”
That tabulation, be it noted, was to be “ complete ” by covering all of the real estate reported from all of the counties of the State, and was presumably to be compiled in such form that the Legislature should have statistical information concerning how much real property there was in the State in the various tax exempt categories.
Another tabulation was directed to be made by the same, statute, apparently for a different purpose, this one to be prepared not by the State Board of Tax Commissioners but by the clerks of the different boards of supervisors from the complete lists furnished to them by the local boards of assessors. Here this statute requires that the clerks of the boards of supervisors “ shall prepare a tabulated statement of the returns received [from the local boards of assessors] and shall post a copy *57 thereof in a conspicuous place, and in all cities of the state cause a copy thereof to be published in the official paper or papers of said city at least once in each week ” for a specified number of successive weeks. The phraseology of section 12 of the Tax Law (in effect when this controversy arose) is identical in all material respects.
The Appellate Division held that the tabulation ordered to be prepared and published in cities by the various clerks of the boards of supervisors was to be the same kind of tabulated statement directed to be reported to the Legislature by the State Board of Tax Commissioners—later “ State Tax Commission ”, still later “ State Board ”. It is not questioned that these reports to the Legislature were adequate to the purposes of the Legislature, and their sufficiency is attested by the circumstance that the Legislature afterward amended the statute in other respects without altering the characterization of the “complete tabulated statement” with which the Legislature was to be supplied (L. 1916, ch. 323, § 5; L. 1933, ch. 470, § 24; L. 1958, ch. 959, § 496; Matter of Hotel Assn, of New York City v. Weaver, 3 N Y 2d 206, 214; Matter of Dobess Realty Corp. v. Magid, 186 Misc. 225, 231-232, per Shientag, J.). This might dispose of the present proceeding if it were to be assumed, as the Appellate Division majority did, that the “ complete tabulated statement” to be prepared by the State Board for the Legislature is intended to be identical with the “ tabulated statement ’ ’ of the exempt real property in cities to be prepared by the clerks of the boards of supervisors and published in the various municipalities.
The purpose of the tabulation submitted to the Legislature is different from the purpose of the tabulated statement directed, to be published locally in cities. As the 1957 opinion of the Attorney-General points out, the object of the information furnished to the Legislature “is to show the over-all effect of such exemptions upon the economy of the State. It is, therefore, perfectly proper to read the word ‘ tabulated ’ as requiring only a segregation of the number of parcels and the amount of exemptions in each tax exempt classification. On the other hand, the purpose of the publication in the newspapers is to advise local, taxpayers of the specific properties that have been exempted in cities and to guard against errors, discrimination *58 and fraud. This purpose is wholly defeated by the publication of a summary statement and I am, therefore, constrained to read the words ‘ a tabulated statement of the returns received ’ in the sense that the statement is the preparation in tabular or table form from all of the various returns prepared by the local assessment officers of the city [sic]. Such a construction carries out the basic intent of this provision of the statute.” (1957 Atty. Gen. 294.)
This is probably a reason why the ‘ ‘ tabulated statement ’ ’ to be published in cities is to be prepared separately by the clerks of the boards of supervisors throughout the State instead of being taken from the tabulation of the State Board made in Albany.
The content of a tabulated statement may vary according to the object to be served by the tabulation. If the same statute for different purposes several times required the formulation of “ a column of statistics ”, the statistics in the column would be expected to vary according to the context. There can be different kinds of tabulated statements nor must a uniform meaning always be given to each. Indeed, the tabulations reported to the Legislature by the State Board or State Tax Commission have varied in form throughout the years.
The Appellate Division reasoned that, if the Legislature intended the, statement by the supervisors’ clerks to list the ■individual properties which are tax exempt, it would have said so as it did in the former chapter 689 of the Laws of 1900. There would have been no change in 1904 in the phraseology of these enactments, it is suggested, nor mention made of a tabulated statement if the intention from 1904 on had been that the clerks were to publish a list of the separate parcels. We think that no drastic change was intended, but that the -wards ‘ ‘ tabulated statement ’ ’ were used to direct publication in tabular form of the individual parcels of tax exempt real property with the names of the owners listed on the roll.
Whatever ambiguity may exist in this statute should be resolved in harmony with its practical construction by the officers charged with its enforcement during the long period from 1904 through 1954 (City of New York v. New York City Ry. Co., 193 N. Y. 543) and so as to further the object, of publication in the municipalities. The Legislature appears to have *59 been actuated in this instance by the policy of subjecting tax exemptions to the scrutiny of the neighbors.
The order appealed from should be reversed and the relief demanded in the petition should he granted to the extent stated in this opinion, with costs in this court and in the Appellate Division.
Judges Dye, Froessel, Burke and Foster concur with Judge Van Voorhis; Chief Judge Desmond and Judge Fuld dissent and vote to affirm in the following memorandum: The statute before us requires, in one sentence, that the State Board of Tax Commissioners transmit to the Legislature ‘ ‘ a complete tabulated statement ’ ’ of tax exempt properties and, in another sentence, that the clerks of the boards of supervisors prepare “ a tabulated statement ” of such exempt properties and cause a copy to be published in the official paper. As the Appellate Division declared: “We do not believe that it is logically permissible to read these words [tabulated statement] differently, as they appear in two different places in a single statute. In both cases, they must be held to refer to the same type of statement. * * * It is conceded that the construction of the statute by the State officials was the correct one and that these tabulated summaries fully complied with the requirement that the State officials publish in their reports ‘ a complete tabulated statement \ The same words being used in imposing the posting and publication requirement upon the clerks of the boards of supervisors, the same construction must be given to that requirement.” In other words, it is manifest that the Legislature intended to impose- the same duty, in respect to the nature and content of the “ tabulated statement ” to be published, upon both the clerks of the boards of supervisors and the Board of State Tax Commissioners. Since the State officials are required to publish, coneededly, only a tabulated summary, that is all which the clerks of the boards of supervisors should be required to publish.
Order reversed, with costs in this court and in the Appellate Division, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein.